**People of the State of Illinois, Respondent-Appellee, v. Louis Owens, Petitioner-Appellant.**

**Gen. No. 51,760.**

First District, Third Division.

May 11, 1967.

Stuart K. Taussig, of Chicago (Marvin Cohn, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joel M. Flaum, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

A writ of error was sued out of the Supreme Court by the defendant, who was convicted of assault with intent to commit robbery and was sentenced to the Illinois State Penitentiary for a term of not less than seven nor more than fourteen years.

The defendant raises the point that he had made requisite demand for counsel other than the Public Defender and the arraignment judge erred in not appointing such other counsel.

■ After the issuance of the writ of error in the Supreme Court the case was continued generally to permit the defendant to file a petition under the Post-Conviction Act. In that petition the defendant raised the

same point as is presently before us. Upon a denial of his petition by the trial court defendant appealed to the Supreme Court, which held in People v. Owens, 34 Ill 2d 149, 214 NE2d 749, that the right of an indigent defendant to demand counsel other than the Public Defender derived wholly from the statute, and was not a constitutional right. The Supreme Court therefore affirmed the judgment of the trial court on the post-conviction hearing. Thereafter the Supreme Court transferred the present case to this court, stating in its order of transfer that there is no substantial constitutional question presented on this writ of error.

On November 17, 1959, the defendant was arraigned in the criminal court of Cook County and the following colloquy took place:

"The Court: Louis, you are charged with robbery while armed and assault with intent to commit robbery. Have you got a lawyer?

"The Defendant: No, sir, not at present.

"The Court: Got any money to hire a lawyer?

"The Defendant: No, sir.

"The Court: Public Defender.

"The Defendant: Is it possible to have a bar association lawyer?

"The Court: I have received notice from the bar association that they won't appoint any more lawyers. Public defender."

The case was thereafter assigned to another judge for trial and the defendant insisted upon trying his own case. As heretofore noted, he was found guilty by a jury and judgment was entered on the finding.

At the time of the arraignment of the defendant the statute upon which he relied provided in part: "Any

77

court may, with the consent of the defendant, appoint counsel, other than the public defender, and shall so appoint if the defendant shall so demand." (Ill Rev Stats, 1959, c 34, par 5604.)

■ It is the contention of the defendant that when he was arraigned he demanded counsel other than the Public Defender. The defendant had asked the court if it were possible to have a bar association lawyer. The State contends that the court's answer to him to the effect that the judge had been informed that the bar association would not appoint any more lawyers was a clear answer to the problem. While the defendant asked for a bar association lawyer, he did not specifically ask for a Chicago Bar Association lawyer, or a lawyer associated with any particular bar association. Obviously, the purpose of the defendant in putting the question to the court was to obtain counsel other than the Public Defender. An indigent prisoner is not presumed to be learned in statutory law. The intent of the legislature in passing that act was to give an indigent prisoner the right to be represented by a lawyer other than the Public Defender if he so requested.

In discussing the Criminal Code and the act relating to public defenders, in the case of People v. Gray, 33 Ill 2d 349, 355, 211 NE2d 369, the court said:

> "We therefore hold that section 2 of division XIII of the Criminal Code and section 4 of the act relating to public defenders require appointment of nonpublic defender counsel in the first instance when *requested* by an indigent defendant, . . ." (Emphasis added.)

To request means to ask. There can be little doubt but that when the defendant asked if it were possible to have a bar association lawyer represent him the judge thought the defendant was referring to the Chicago Bar Association. The judge answered that he had received notice

from the Bar Association that they would not appoint any more lawyers. Of course, the Chicago Bar Association had no power of appointment and the judge could have and, in our opinion, should have appointed some lawyer other than the Public Defender. By this statement we do not mean to infer that a lawyer other than the Public Defender could have given the defendant better representation in court than he could receive through representation by the Public Defender. Nevertheless, the legislature had seen fit at that time to give the indigent defendant the right to a lawyer other than the Public Defender, and the sole question with which we are concerned is whether the defendant was deprived of a statutory right by the refusal to appoint a nonpublic defender as counsel.

Section 4 of the Public Defender Act (Ill Rev Stats 1963, c 34, par 5604) was amended by the legislature in 1963 and now the court is required to appoint counsel other than the Public Defender in counties containing 500,000 or more inhabitants upon demand by the defendant, only where the defendant is charged with a capital offense.

The Supreme Court in Burke v. The Industrial Commission, 368 Ill 554, 15 NE2d 305, said that since statutes are to be construed according to their intent and meaning, a situation which is within the object, spirit, and the meaning of a statute is regarded as within the statute although not within the letter.

In People v. Fox, 269 Ill 300, 308, 110 NE 26, the court said: "Where the spirit and intention of the legislature in adopting the act are clearly expressed and its object and purposes are clearly set forth, the courts are not confined to the literal meaning of the words used, when to do so will defeat the obvious legislative intention and result in absurd consequences not contemplated or intended by it. In such cases the literal language of

79

the statute may be departed from, and words may be changed, altered, modified and supplied, or omitted entirely, if necessary to obviate any repugnancy or inconsistency between the language used and the intention of the legislature as gathered from a consideration of the whole act. . . ."

We conclude that the object of the legislation in question, as it existed at the time of the arraignment in the instant case, was to give to the defendant the right to be represented by a nonpublic defender upon his request. We further conclude that the question put to the court by the defendant herein constituted a request for the appointment of counsel other than the Public Defender, and that request should have been honored by the court.

Reversed and remanded.

SCHWARTZ and DEMPSEY, JJ., concur.