(No. 39258.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LOUIS OWENS, Appellant.

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

STUART K. TAUSSIG, of Chicago, (MARVIN COHN, of counsel,) appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and STUART P. SHAPIRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County which dismissed the post-conviction petition of Louis Owens. In March of 1959 Owens was convicted of assault with intent to commit robbery and sentenced to imprisonment for a term of not less than seven nor more than fourteen years. A writ of error was issued to review the judgment of conviction, but upon motion of the petitioner's counsel this court stayed proceedings on the writ of error pending the filing and disposition of the post-conviction petition that is now before us.

The petition asserts that Owens "was denied representation by competent counsel and was also denied representation by counsel other than the Public Defender, all in violation of the United States and Illinois Constitutions and the Illinois Statutes." At the time Owens was tried, the statute to which his petition refers provided: "Any court may, with the consent of the defendant, appoint counsel, other than the public defender, and shall so appoint if the defendant shall so demand." (Ill. Rev. Stat. 1959, chap. 34, par. 5604.) He contends that he demanded counsel other than the public defender, that his demand was refused, and that his constitutional right to counsel was therefore violated.

The transcript of the proceedings at the arraignment shows that after Owens had stated that he had no lawyer and no money to hire one, the public defender was appointed to represent him. He then asked, "Is it possible to have a bar association lawyer?", to which the judge replied, "I have received notice from the bar association that they won't appoint any more lawyers." The petitioner regards this question and answer as a demand for counsel other than the public defender and a refusal of that demand.

Neither the judge who conducted the arraignment nor the judge who ruled upon the post-conviction petition so regarded Owen's inquiry and the judge's response. We need not resolve the issue, however, for jurisdiction in post-conviction proceedings is limited to situations in which " a substantial denial of rights under the Constitution of the United States or of the State of Illinois" is alleged. (Ill. Rev. Stat. 1963, chap. 38, par. 122—1.) The right of an indigent defendant to demand counsel other than the public defender derived wholly from the statute, and was not a constitutional right. The petitioner argues that "[T]he statute in issue is a statute which confers a constitutional right since said statute implements the right to effective representation by counsel." But a statute cannot confer con-

stitutional rights; the petitioner's argument obliterates any distinction between the two categories of enacted law.

For the first time in his reply brief the petitioner advances the contention that his rights under the equal protection clause of the fourteenth amendment to the constitution of the United States were violated when the State failed to provide him with counsel other than the public defender. The record, however, is devoid of any facts that would suggest discrimination against him.

The petitioner's contention that he was denied the right to be represented by competent counsel is without merit. The record of the proceedings at the petitioner's trial, which is before this court, (No. 38691), shows that the defendant insisted upon representing himself at the trial despite the urging of the trial judge.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*