THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. RICHARD URAN, Petitioner-Appellee.

Third District No. 3—89—0273

Opinion filed March 29, 1990.

Edward Burmila, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Richard Uran, filed a petition for post-conviction relief alleging that he was entitled to sentencing credit. The trial court granted the petition. The State appeals.

The record shows that on April 18, 1986, the petitioner was convicted of two counts of felony theft (Ill. Rev. Stat. 1983, ch. 38, par. 16—1) and four counts of "an offense relating to motor vehicles" (see Ill. Rev. Stat. 1983, ch. 95½, par. 4—103). The trial court sentenced him to two concurrent five-year terms for the theft convictions and four concurrent three-year terms for the motor vehicle convictions.

While the petitioner was released on appellate bond, he was charged with two more counts of an offense relating to motor vehi-

cles. He posted bond and was released from custody. The State later charged him with a third count of an offense relating to motor vehicles. On August 24, 1987, the petitioner began serving his sentence on his six prior convictions. On September 11, 1987, his bond was returned to him.

On April 20, 1988, the petitioner appeared in court with counsel. The prosecutor informed the court that in return for a guilty plea, the State would recommend that the petitioner receive a three-year sentence consecutive to the sentence he was already serving. While defense counsel contended that the petitioner should receive credit for his time spent in custody since August 24, 1987, the prosecutor expressly stated that he had not agreed to this. The court thereafter accepted the guilty plea and entered a three-year sentence consecutive to the sentence on the prior convictions.

The petitioner later filed a post-conviction petition alleging that he was simultaneously in custody on all nine offenses from August 24, 1987, to April 20, 1988. He argued that he was therefore entitled to credit for that period against his sentence on the three later convictions (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b)). At a hearing on the petition, he changed his request for credit to the time spent in custody from September 11, 1987, to April 20, 1988. The trial court granted his request.

On appeal, the State first argues that the court erred in granting the petition because it did not present a substantial denial of the petitioner's constitutional rights. The petitioner replies that the improper denial of credit violated both the due process and equal protection clauses of the United States Constitution (U.S. Const., amends. V, XIV).

■■■ For the trial court to obtain jurisdiction over a post-conviction petition, the petitioner must allege a substantial denial of his constitutional rights. (*People v. Ward* (1971), 48 Ill. 2d 117, 268 N.E.2d 692.) The question of whether the petitioner received proper sentencing credit is a matter of statutory construction and does not rise to the level of a constitutional violation. (*People v. Bates* (1989), 179 Ill. App. 3d 705, 534 N.E.2d 1019.) Accordingly, we find that the petition should have been dismissed for failure to present a substantial denial of the petitioner's constitutional rights.

Additionally, in *People v. Hughes* (1988), 167 Ill. App. 3d 265, 521 N.E.2d 240, we stated that a defendant should not receive credit against his sentence for time served prior to trial when he was also imprisoned for an unrelated conviction. Since the petitioner was imprisoned for his six prior convictions from September 11, 1987, to

April 20, 1988, he was not entitled to credit for that time against his sentence on the three later convictions.

Our resolution of these issues renders moot the remaining issues. We therefore shall not address them.

The judgment of the circuit court of Will County granting the petitioner 221 days of credit against his sentence is reversed.

Reversed.

BARRY and SCOTT, JJ., concur.