THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS C. BENNETT, Defendant-Appellant.

Third District    No. 3—92—0203

Opinion filed July 7, 1993.

Edwin J. Anderson, of State Appellate Defender's Office, of Mount Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Dennis C. Bennett, was tried by a jury and found guilty of two counts of child pornography. He was sentenced to 180 days in jail, four years of probation, a $2,000 fine, a $20 crime victims' assistance fine, and payment of restitution to the victim for counseling expenses.

The sole issue on appeal is whether he is entitled to credit toward the $2,000 fine for the 61 days he spent in custody prior to sentencing.

The record shows that Bennett was taken into custody on July 21, 1991. He posted bond and was released on July 22, 1991. On December 11, 1991, Bennett was found guilty, and the court ordered him to be held without bail until sentencing. On February 7, 1992, the court imposed sentence.

Section 110—14 of the Code of Criminal Procedure of 1963 provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." Ill. Rev. Stat. 1991, ch. 38, par. 110—14.

Bennett was in custody on July 21, 1991, and released on bond on July 22, 1991. This counts as two days in custody and $10 credit toward the fine, which the State concedes. The State, however, argues that Bennett is not entitled to credit for the 59 days he spent in custody after being found guilty but prior to being sentenced. The State contends that such credit is improper because Bennett was held without bail and because the incarceration occurred after a guilty finding. We disagree.

Where a statute is certain and unambiguous, it must be applied as its plain language dictates. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.) Here, the statute provides for the award of fine credit to a defendant who is incarcerated on a "bailable" offense. The statute does not make a distinction between defendants who are financially unable to post bond and those who are denied the opportunity to post bond by the trial court. The statute also does not prohibit

the award of credit for the period of incarceration after a guilty finding. Since Bennett was incarcerated on a bailable offense (Ill. Rev. Stat. 1991, ch. 38, par. 110—4), we conclude that he is entitled to the disputed credit for the entire 61 days. See *People v. Peterson* (1992), 227 Ill. App. 3d 20, 590 N.E.2d 935; *People v. Goodey* (1992), 227 Ill. App. 3d 232, 591 N.E.2d 102; *People v. Tinoco* (1989), 185 Ill. App. 3d 816, 541 N.E.2d 1198.

For the reasons indicated, we reduce Bennett's $2,000 fine to $1,695. The judgment of the circuit court of Peoria County is affirmed as modified.

Affirmed as modified.

STOUDER and SLATER, JJ., concur.