THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELVIS McNAIR, Defendant-Appellant.

Third District   No. 3—00—0515

Opinion filed November 6, 2001.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Elvis McNair, was convicted of child pornography (720 ILCS 5/11—20.1 (West 2000)). He was sentenced to a four-year term of imprisonment and ordered to pay a $2,000 fine. On appeal, the defendant argues that he is entitled to a $270 credit toward his fine to reflect 54 days of presentence credit. In response, the State argues that the defendant is not entitled to credit for 52 of his 54 days of presentence custody because his offense became "nonbailable" upon conviction. We remand this cause for a $270 credit to be applied.

The defendant was arrested on February 16, 2000. He was released on bond the next day. He remained on bond until the jury returned its guilty verdict on May 3, 2000. The State then moved to revoke the defendant's bond. After a hearing, the court found that the defendant had failed to show by clear and convincing evidence that he posed no danger to anyone. Therefore, the court revoked the defendant's bond. He was sentenced on June 23, 2000.

On appeal, the defendant argues that he is entitled to a credit of $270 against the fine imposed on him since, by law, he may claim a $5-a-day credit for each of the 54 days of presentence custody. See 725 ILCS 5/110—14 (West 2000). In response, the State notes that the defendant was subject to a minimum four-year term of imprisonment because of a prior Class 2 felony conviction. See 730 ILCS 5/5—5—3(c)(2)(F) (West 2000). Therefore, it argues, when the defendant was convicted of child pornography that offense became nonprobationable and, therefore, nonbailable.

■ Illinois law provides that any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied upon conviction shall be allowed a $5-a-day credit for each day incarcerated. 725 ILCS 5/110—14 (West 2000). Section 110—14 does not make a distinction between defendants who are financially unable to post bond and those who are denied the opportunity to post bond by the trial court. *People v. Raya*, 250 Ill. App. 3d 795, 621 N.E.2d 222 (1993). The statute also does not prohibit the award of credit for the time between a jury verdict and sentencing. *Raya*, 250 Ill. App. 3d 795, 621 N.E.2d 222.

■ The defendant is entitled to credit toward his fine for 54 days

of presentence custody. The State cites no authority for the proposition that an offense becomes "nonbailable" once a defendant is convicted of an offense for which probation is not available. Further, this court has rejected a similar argument in the past. See *People v. Raya*, 250 Ill. App. 3d 795, 621 N.E.2d 222 (1993) (court rejected contention that once a defendant's bond is revoked after a guilty verdict he is no longer incarcerated on a bailable offense). Therefore, we remand this cause for the trial court to award the defendant a $270 credit toward his fine to reflect 54 days of presentence custody.

The judgment of the circuit court of Peoria County is remanded.

Remanded.

HOMER, P.J., and LYTTON, J., concur.