THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. REED, Defendant-Appellant.

Fourth District   No. 4—01—0020

Opinion filed January 8, 2003.—Rehearing denied February 6, 2003.

Daniel D. Yuhas and Jenifer L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellant.

Tony Lee, State's Attorney, of Paxton (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In September 1998, defendant, John Reed, pleaded guilty to residential burglary (720 ILCS 5/19—3 (West 1998)) and, because of his prior criminal history, the trial court sentenced him to 10 years in prison, with sentence credit for 84 days served, and ordered him to pay a $100 reimbursement fee for the services of the public defender pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113—3.1 (West 1998)) and a $40 fee under the Crime Victims Compensation Act (740 ILCS 45/1 through 20 (West 1998)). The Illinois Department of Corrections was ordered to withhold 50% of defendant's monthly income and remit that amount to the Ford County circuit clerk to be applied to outstanding fees and costs.

Defendant filed neither a motion to reconsider sentence nor a direct appeal. Instead, in March 2000, he filed a *pro se* postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 2000)). The petition alleged ineffective assistance of counsel in failing to adequately investigate and prepare defendant's case for trial resulting in defendant having no choice but to plead guilty. After appointing counsel to represent defendant and hearing arguments, the trial court dismissed defendant's petition.

Defendant appeals, arguing that (1) the trial court erred by ordering him to pay the $100 reimbursement fee without first conducting a hearing to determine his ability to pay, (2) ordering him to pay a fee under the Crime Victims Compensation Act, (3) ordering the Department of Corrections to withhold 50% of his wages for court fees and costs, and (4) failing to give him the proper sentence credit. We affirm.

The State contends both that the issues raised on appeal by defendant are not matters of substantial deprivation of constitutional rights cognizable in postconviction proceedings but matters of statutory right only *and* defendant has forfeited the issues raised on appeal by not raising these matters until this appeal from the court's denial of his postconviction petition. We agree.

The Post-Conviction Hearing Act permits defendants to file post-conviction petitions to establish "a substantial deprivation of federal or state constitutional rights." *People v. Haynes*, 192 Ill. 2d 437, 464, 737 N.E.2d 169, 184 (2000). Post-conviction proceedings are not meant to be a screening mechanism to correct any and all mistakes not previously corrected. The issues raised by defendant all involve rights or matters created by statute involving the assessment or payment of

fees and the credit allowed on a prison sentence. We have consistently held such issues are statutory only and not of constitutional magnitude and, thus, not subject to scrutiny under the Post-Conviction Hearing Act. *People v. Griffin*, 321 Ill. App. 3d 425, 428, 748 N.E.2d 1235, 1238 (2001) (failure to hold hearing in regard to defendant's financial ability to reimburse state for appointed counsel's fee violates statutory law but does not constitute *any* deprivation of constitutional rights, much less a "substantial" one); *People v. Guerrero*, 311 Ill. App. 3d 968, 970, 725 N.E.2d 783, 784-85 (2000) (denial of $5-per-day credit against fine imposed does not establish substantial deprivation of federal or state constitutional rights; nevertheless, the court awarded credit); *People v. Bates*, 179 Ill. App. 3d 705, 709, 534 N.E.2d 1019, 1021 (1989) (issue of two days' sentence credit not of constitutional stature).

Additionally, none of defendant's objections to his sentence were presented previously, either in a motion to reconsider sentence, a direct appeal, or in his postconviction petition. Statutory rights are subject to waiver where they could have been raised in the trial court or on direct appeal but were not. *Bates*, 179 Ill. App. 3d at 709, 534 N.E.2d at 1021. Defendant's contentions of error, even if they were of constitutional magnitude, are forfeited. As we have previously stated, "[d]efendant does not cite, nor are we aware of, any case in which the [Post-Conviction Hearing Act] has been construed as permitting a defendant to raise on appeal from the dismissal of a postconviction petition an issue he never raised in that petition. This court will not be the first to so hold." *Griffin*, 321 Ill. App. 3d at 428, 748 N.E.2d at 1238.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and STEIGMANN, JJ., concur.