Docket No. 104216.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EDUARDO CABALLERO, Appellee.

*Opinion filed February 7, 2008.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Justices Fitzgerald, Kilbride, and Garman concurred in the judgment and opinion.

Chief Justice Thomas dissented, with opinion, joined by Justices Freeman and Burke.

## OPINION

The issues presented by this appeal are: (1) whether a reviewing court may grant the *per diem* monetary credit conferred by section 110–14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110–14 (West 2002)) to a defendant who first applies for it on appeal from the dismissal of his postconviction petition; and (2) whether a defendant may receive the *per diem* monetary credit conferred by section 110–14 for the time he was incarcerated upon revocation of his bail after conviction until his sentencing.

## BACKGROUND

Defendant Eduardo Cabellero was indicted for unlawful possession with intent to deliver 100 to 400 grams of a substance containing cocaine. After his arrest, he spent two day in jail, posted bail, and was released. A jury in the circuit court of Du Page County later convicted him of the offense and his bond was revoked the same day. He was remanded to jail, where he remained for an additional 116 days prior to sentencing. He was sentenced to 14 years' imprisonment and, among other things, fined $6,300 based on the "street value" of the narcotics he was convicted of possessing. On direct appeal defendant did not raise any issue involved in this appeal and the appellate court affirmed his conviction and sentence. *People v. Caballero*, No. 2–03–0299 (2004) (unpublished order under Supreme Court Rule 23).

Defendant later filed a *pro se* petition for postconviction relief, which was dismissed by the trial court as frivolous and patently without merit. On appeal, defendant argued that the trial court erred in dismissing his petition because it sufficiently alleged the gist of a constitutional claim of ineffective assistance of counsel. Defendant also claimed that pursuant to section 110–14, his street-value fine should be reduced by $590, which is $5 for each of the 118 days he was in custody prior to sentencing. The appellate court affirmed the trial court's dismissal of defendant's petition, but held that defendant was entitled to a $590 credit against his street-value fine and ordered the clerk of the circuit court to modify the defendant's sentence. No. 2–05–0384 (unpublished order under Supreme Court Rule 23). We granted the State's petition for leave to appeal. 210 Ill. 2d R. 315. For the reasons that follow, the judgment of the appellate court is affirmed.

## STANDARD OF REVIEW

Both of the issues raised on this appeal involve the interpretation of Illinois statutes. The interpretation of state statutes is a question of law, which this court reviews *de novo*. *People v. Harris*, 224 Ill. 2d 115, 123 (2007); *People v. Brooks*, 221 Ill. 2d 381, 388 (2006).

ANALYSIS

Section 110–14 provides in pertinent part: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110–14 (West 2002). In *People v. Woodard*, 175 Ill. 2d 435, 457-58 (1997), we held that the *per diem* monetary credit allowed upon application by the defendant under section 110–14 is mandatory, it cannot be waived and it can be raised for the first time on appeal.

The State argues, however, that defendant's claim under section 110–14 involves a statutory right and it is not cognizable in a postconviction proceeding. The Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.* (West 2000)) provides a means by which a defendant may collaterally attack his conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). To demonstrate entitlement to postconviction relief, a defendant must show that he has suffered a substantial deprivation of federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. *Pendleton*, 223 Ill. 2d at 471. The monetary *per diem* credit conferred by section 110–14 is a statutory right. *Woodard*, 175 Ill. 2d at 457. The State concludes from this that defendant's claim involves a statutory right, not a constitutional right, and it is, therefore, not cognizable in a postconviction proceeding.

Neither the State nor the defendant has cited any Illinois cases dealing with a claim for a monetary *per diem* credit under section 110–14 being initially raised on an appeal in a postconviction proceeding and we have found none. However, *People v. Wren*, 223 Ill. App. 3d 722 (1992), *People v. Andrews*, 365 Ill. App. 3d 696 (2006), and *People v. Brown*, 371 Ill. App. 3d 972 (2007), are appellate court cases dealing with a sentencing credit under section 5–8–7(b) of the Unified Code of Corrections (730 ILCS 5/5–8–7(b) (West 2002)) being raised for the first time on appeal in a postconviction proceeding.

Section 5–8–7(b) provides that the offender shall be given credit against his prison sentence for time spent in custody as a result of the offense for which the sentence was imposed. In *Woodard*, 175 Ill. 2d

-3-

at 457, we noted and cited a number of cases in which the sentencing credit in section 5–8–7(b) was treated similarly to the monetary *per diem* credit in section 110–14. We find that the rationale of *Wren, Andrews* and *Brown* is persuasive to the issue of an application for a monetary credit under section 110–14 being raised for the first time on an appeal in a postconviction hearing.

In *Wren* the court stated:

> "Finally, defendant contends that he is entitled to credit for the original day spent in custody in this matter and argues that counsel's failure to raise this issue in post-conviction proceedings constitutes ineffective assistance. A sentencing credit issue of this type is not appropriately considered in an appeal from the dismissal of a post-conviction petition which did not raise the issue, but instead should be raised by filing a motion to amend mittimus in the trial court. However, 'in the interests of an orderly administration of justice' [citation], we will treat defendant's request as a motion to amend mittimus and consider it because an amended mittimus may be issued at any time. [Citation.]" *Wren*, 223 Ill. App. 3d at 731.

The court then decided that defendant was entitled to an additional day of credit. It affirmed the judgment of the trial court dismissing defendant's postconviction petition and remanded the cause to the circuit court for issuance of an amended mittimus. *Wren*, 223 Ill. App. 3d at 731.

In *Andrews* defendant was entitled to 113 days of sentencing credit, but due to a clerical error in the presentence investigation, he was only given a presentence credit of 112 days. *Andrews*, 365 Ill. App. 3d at 697. The claim for the additional day of presentence credit was not made in the trial court or on direct appeal of his criminal conviction. Defendant filed a *pro se* postconviction petition and later his appointed counsel filed an amended petition for postconviction relief. *Andrews*, 365 Ill. App. 3d at 698. Neither petition made reference to the sentencing-credit error. The trial court denied defendant's postconviction petition. The sole issue raised on appeal of the denial of the postconviction petition was the sentencing-credit error. The State argued that defendant waived this issue because he failed to raise it in his postconviction petition. *Andrews*, 365 Ill. App. 3d at 698.

-4-

The *Andrews* court held that unlike the defendants in *People v. Jones*, 211 Ill. 2d 140 (2004), and *People v. Jones*, 213 Ill. 2d 498 (2004), who were attempting to raise new constitutional challenges, Andrews was merely attempting to assert a different and purely statutory right to full credit for his presentence incarceration. *Andrews*, 365 Ill. App. 3d at 699. The court stated that its holding is in accord with, and quoted, the holding in *Wren. Andrews*, 365 Ill. App. 3d at 699-700. The *Andrews* court also noted that *People v. Reed*, 335 Ill. App. 3d 1038 (2003), held that an issue of a sentence credit did not involve a substantial deprivation of a constitutional right, and deemed the issue waived where it was first raised on appeal from the dismissal of a postconviction petition. The court concluded that the better reasoned and more judicially efficient procedures follow the logic announced in *Wren. Andrews*, 365 Ill. App. 3d at 700.

In *Brown* the defendant contended for the first time in a supplemental brief on appeal in his postconviction proceeding that he was entitled to 419 days of presentence credit, rather than the 355 days reflected in the mittimus. The State did not respond to this supplemental brief. The appellate court in its original opinion (*People v. Brown*, No. 1–04–1943 (2006) (unpublished order under Supreme Court Rule 23)) noted that the sentencing credit is a right created by statute and held it was not an issue of constitutional magnitude subject to scrutiny in a postconviction proceeding, citing *People v. Reed*, 335 Ill. App. 3d 1038, 1039-40 (2003), and *People v. Bates*, 179 Ill. App. 3d 705, 709 (1989). The *Brown* court also noted that despite several opportunities to raise the issue, defendant never raised it in the trial court, on direct appeal, or in his postconviction petition or supplemental postconviction petition, and that he raised it for the first time in the supplemental brief. The court, therefore, found the issue had been forfeited and distinguished *People v. Woodard*, 175 Ill. 2d 435, on the ground that *Woodard* was not based upon proceedings under the Post-Conviction Hearing Act and that it merely held that the credit may be allowed if requested for the first time on a direct appeal.

Defendant in the *Brown* case filed a petition for leave to appeal and argued, among other matters, that the sentencing-credit issue could be raised for the first time on appeal from the dismissal of his postconviction petition and that the issue had not been forfeited. This court denied defendant's petition for leave to appeal and entered a

supervisory order directing the appellate court to allow the State another opportunity to respond to defendant's request for additional sentencing credit; to determine the merits of defendant's sentencing-credit request and to grant him further sentencing credit, if required. The order also directed that the resolution of the sentencing-credit issue be incorporated into the appellate court judgment addressing all of the other issues. *People v. Brown*, 222 Ill. 2d 579 (2006) (table).

The *Brown* court upon remand examined the *Andrews* case, in which the court held that it had the authority under Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)) to modify the trial court's order to give the defendant credit for all of his presentence custody although he raised the issue for the first time on appeal in his postconviction proceeding. The *Brown* court, after acknowledging that the State did not dispute the merits of the sentencing-credit issue, ordered the mittimus be corrected to reflect that defendant was entitled to 419 days of presentence credit.

Appellate court cases which hold that a claim for sentencing credit under section 5–8–7(b) of the Unified Code involves a statutory right and is not cognizable in a postconviction proceeding are *People v. Bates*, 179 Ill. App. 3d 705 (1989), *People v. Uran*, 196 Ill. App. 3d 293 (1990), and *People v. Reed*, 335 Ill. App. 3d 1038 (2003). Each of those cases refused to consider the sentencing-credit issue. *Reed* also holds that a defendant who makes a sentencing-credit claim for the first time on appeal from the dismissal of a postconviction petition has forfeited the right (*Reed*, 335 Ill. App. 3d at 1040) and *Bates* holds that he has waived his right (*Bates*, 179 Ill. App. 3d at 709).

We hold that a claim for *per diem* monetary credit conferred by section 110–14 of the Code of Criminal Procedure of 1963 is a statutory right (*People v. Woodard*, 175 Ill. 2d at 457) and is not cognizable under the Post-Conviction Hearing Act. See *People v. Pendleton*, 223 Ill. 2d at 471. Each of the appellate court cases which we have discussed above also holds that a claim for sentencing credit under section 5–8–7(b) involves a statutory right and is not cognizable in a postconviction proceeding.

The defendant in this case is not, however, attempting to raise a new constitutional issue in his postconviction proceeding but is simply applying for a different and purely statutory monetary credit under section 110–14. See *Andrews*, 365 Ill. App. 3d at 699. In *Woodard* we

noted that "[s]ection 110–14 is silent concerning any time frame or procedural stage during which such application either must or can be made" (*Woodard*, 175 Ill. 2d at 444) and quoted with approval the statement from *People v. Scott*, 277 Ill. App. 3d 565 (1996), that " '[g]ranting the credit is a simple ministerial act that will promote judicial economy by ending any further proceedings over the matter.' " *Woodard*, 175 Ill. 2d at 456-57, quoting *Scott*, 277 Ill. App. 3d at 566. The *Wren* case and the *Andrews* case each granted a claim for sentencing credit raised for the first time on appeal in a postconviction proceeding based on the rationale of a "ministerial act" and the "interests of an orderly administration of justice."

While we hold that a claim for monetary credit under section 110–14 is a statutory claim and therefore not cognizable as a separate issue upon which to base relief under the Post-Conviction Hearing Act, we also hold that this statutory claim may be considered as an "application of the defendant" made under the statute and may be raised at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding. Accordingly, if, as in this case, the basis for granting the application of the defendant is clear and available from the record, the appellate court may, in the "interests of an orderly administration of justice," grant the relief requested.

The State also argues that defendant is not entitled to any credit under section 110–14 for the 116 days of his incarceration between the day of his conviction and the day of his sentencing but has not cited any cases supporting this argument. The State contends, however: (1) that section 110–14 states that "[a]ny person incarcerated on a bailable offense" shall be allowed the $5-per-day credit and section 110–4(a) of the Code of Criminal Procedure of 1963 defines bailable offenses as "[a]ll persons shall be bailable before conviction" (725 ILCS 5/110–4(a) (West 2002)) and, therefore, bailable offenses do not include offenses of which a defendant has been convicted but not yet sentenced; (2) that once the trial court revoked defendant's bond upon his conviction, his offense was no longer a "bailable offense"; (3) that defendant was not a person "who does not supply bail"; and (4) that section 110–14 was enacted to offset the inequities suffered by indigent defendants unable to pay bond premiums and defendant did supply bond in this case. We do not agree with any of these arguments.

Section 110–14 originally provided: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a *credit of $5 for each day so incarcerated prior to conviction* except that in no case shall the amount so allowed or credited exceed the amount of the fine." (Emphasis added.) Ill. Rev. Stat. 1965, ch. 38, par. 110–14.

Effective October 1, 1977, the legislature amended this section to delete the words "prior to conviction" and added "upon application of defendant." The first sentence of section 110–14 then provided: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed *a credit of $5 for each day so incarcerated* upon application of the defendant." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 110–14. Section 110–14 has been amended several times since 1977, but the first sentence of the section has not been amended since then. See 725 ILCS 5/110–14 (West 2006).

In addition to the legislative amendment, there are also several reported cases that have dealt with the issue raised by the State. *People v. Bennett*, 246 Ill. App. 3d 550 (1993), involved section 110–14 and the State's argument that the defendant is not entitled to a monetary credit for the days he spent in custody after being found guilty but prior to being sentenced. The court rejected this argument and stated: "Here, the statute provides for the award of fine credit to a defendant who is incarcerated on a 'bailable' offense. The statute does not make a distinction between defendants who are financially unable to post bond and those who are denied the opportunity to post bond by the trial court. The statute also does not prohibit the award of credit for the period of incarceration after a guilty finding." *Bennett*, 246 Ill. App. 3d at 551-52. Other appellate court cases have consistently held that a defendant is entitled to credit under section 110–14 for time spent in custody after conviction but before sentencing. See *People v. Raya*, 250 Ill. App. 3d 795, 803 (1993) (defendant was entitled to $5-per-day credit for 16 days pretrial incarceration as well as the 35 days' incarceration between the end of his trial and sentencing); *People v. Smith*, 258 Ill. App. 3d 261, 270 (1994) (defendant was entitled to the section 110–14 credit against a fine for all the days he was incarcerated up until the sentence); *People v. McNair*, 325 Ill. App. 3d 725, 726-27 (2001) (defendant was

entitled to credit toward his fine for 54 days of presentence custody).

This consistent judicial interpretation of section 110–14 is considered a part of the statute until the legislature amends it contrary to that interpretation. See *Woodard*, 175 Ill. 2d at 444, citing *Miller v. Lockett*, 98 Ill. 2d 478 (1983). The legislature recently amended section 110–14 by adding subsection (b), which specifically precludes a person incarcerated for sexual assault as defined in section 5–9–1.7 of the Unified Code of Corrections (730 ILCS 5/5–9–1.7 (West 2006)) from receiving any monetary credit under section 110–14. See Pub. Act 93–699, eff. January 1, 2005. This amendment demonstrates that the legislature can preclude the benefit of section 110–14 when it desires. Its acquiescence in the judicial construction of the first sentence of section 110–14 over the past 14 years dissuades us from overruling the appellate court decisions that have interpreted the section as granting a presentence credit for days of incarceration for a bailable offense.

We hold that defendant is entitled to the credit of $5 per day for the two days that he spent in custody prior to posting bond and the 116 days he spent in custody following his conviction and prior to sentencing.

CONCLUSION

For the reasons set forth above, the judgment of the appellate court is affirmed.

*Appellate court judgment affirmed.*

CHIEF JUSTICE THOMAS, dissenting:

The majority's decision permitting a postconviction claim for monetary credit under section 110–14 contradicts the plain language of the Post-Conviction Hearing Act, this court's decisions construing that Act, and this court's decisions defining the scope of postconviction appeals. Accordingly, I am compelled to dissent.

The majority's analysis runs as follows. Section 110–14 of the Code of Criminal Procedure of 1963 creates a statutory right to a *per diem* monetary credit "upon application of the defendant." However,

" '[s]ection 110–14 is silent concerning any time frame or procedural stage during which such application either must or can be made.' " Slip op. at 7, quoting *People v. Woodard*, 175 Ill. 2d 435, 444 (1997). Consequently, a section 110–14 claim "may be raised at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding." Slip op. at 7.

The problem with this analysis is that, while section 110–14 may be silent as to whether monetary credit claims may be raised for the first time in a postconviction proceeding, the Post-Conviction Hearing Act is not, and neither is this court's jurisprudence construing the Act. Indeed, both the Act and the settled case law provide numerous bases for barring the adjudication of defendant's "purely statutory" (slip op. at 6) claim in this context.

First, defendant's claim falls well outside the narrow class of claims authorized by the Post-Conviction Hearing Act. Under the Act, the *only* types of claims that may be asserted in a postconviction proceeding are those asserting "a substantial denial of *** rights under the Constitution of the United States or of the State of Illinois." 725 ILCS 5/122–1(a)(1) (West 2006). Defendant's claim for monetary credit under section 110–14 has no constitutional component whatsoever.

Second, defendant's claim falls outside the class of claims over which postconviction courts possess the jurisdiction to adjudicate. This court has explained that "[s]ection 122–1 of the Post-Conviction Hearing Act *is jurisdictional in nature* and *limits the subject matter reviewable* under that Act." (Emphases added.) *People v. Ferree*, 40 Ill. 2d 483, 484 (1968). Accordingly, "jurisdiction in post-conviction proceedings is limited to situations in which 'a substantial denial of rights under the Constitution of the United States or of the State of Illinois' is alleged." *People v. Owens*, 34 Ill. 2d 149, 150 (1966), quoting Ill. Rev. Stat. 1963, ch. 38, par. 122–1; see also *People v. Ward*, 48 Ill. 2d 117, 120 (1971). Stated differently, postconviction courts lack the jurisdiction to adjudicate purely statutory claims. See, *e.g.*, *Owens*, 34 Ill. 2d at 150-51 (trial court lacked jurisdiction over postconviction claim that "derived wholly from *** statute"). Here, the majority acknowledges that a claim for monetary credit under section 110–14 is "purely statutory." Slip op. at 6. Nevertheless, it goes on to hold that, in the "interests of an orderly administration of

justice," such claims may be raised and adjudicated for the first time in a postconviction proceeding. Slip op. at 7. The majority nowhere reconciles this holding with the aforementioned cases, and neither does it explain how the "interests of an orderly administration of justice" will be served by the adjudication of legal claims in the absence of subject matter jurisdiction.

Third, defendant's claim falls squarely *within* a class of cases that this court has expressly identified as inappropriate for postconviction consideration. In *People v. Mitchell*, 189 Ill. 2d 312, 329 (2000), this court held that "[s]tatutes do not confer constitutional rights, and the allegation of a deprivation of a statutory right is not a proper claim under the Act." See also *Owens*, 34 Ill. 2d at 150-51. Here, defendant is asserting a claim for monetary credit under section 110–14, which the majority concedes is a "purely statutory" claim. Slip op. at 6.

Fourth, even if defendant's claim were of the type permitted by the Act and over which postconviction courts possessed jurisdiction, it nevertheless would be barred by the forfeiture doctrine. As this court has frequently explained, "[a] petition for post-conviction relief is not an appeal of the underlying judgment; rather, it is a collateral proceeding." *People v. Johnson*, 206 Ill. 2d 348, 356 (2002). As such, a postconviction proceeding allows inquiry only into issues "that were not, *and could not have been*, adjudicated on direct appeal." (Emphasis added.) *Johnson*, 206 Ill. 2d at 356. Here, defendant is asserting a statutory right explicitly set forth in the pretrial portion of the Code of Criminal Procedure, and all of the facts necessary to assert that right were available to him on direct appeal. Consequently, even if a section 110–14 claim *could* be asserted and adjudicated in a postconviction proceeding, defendant would have forfeited any such claim in this case.

Fifth, defendant's assertion of this claim for the first time on appeal from the dismissal of his postconviction petition is expressly barred by this court's decision in *People v. Jones*, 211 Ill. 2d 140 (2004). In that case, we held that "a [postconviction] defendant may not raise an issue for the first time while the matter is on review" and that "*any issues* to be reviewed must be presented in the petition filed in the circuit court." (Emphasis added.) *Jones*, 211 Ill. 2d at 148. This holding is categorical and contains no exceptions. Here, defendant's claim for monetary credit under section 110–14 was not presented in the petition filed in the circuit court. Consequently, defendant could not raise it for the first time on appeal from the dismissal of that

petition.

In sum, then, to permit the adjudication of defendant's "purely statutory" claim in this case, the majority dispenses not only with the plain language of the Post-Conviction Hearing Act, but also with a good portion of this court's case law construing the Act. Were this the only means of affording a remedy to persons in defendant's position, I might understand the majority's willingness to go to such lengths. But this is hardly the case. On the contrary, defendants who are entitled to a claim for monetary credit under section 110–14 have a host of opportunities to obtain that credit, even at the postconviction stage. Obviously, a defendant may apply for the credit at the time of trial. Moreover, a defendant may apply for the credit for the first time on direct appeal. See *Woodard*, 175 Ill. 2d at 457-58. And if the direct appeal comes and goes without application having been made, defendants still have a postconviction remedy, *provided it is properly pled*. As discussed above, nothing in either the Act or this court's postconviction jurisprudence permits the adjudication of a purely statutory claim in the course of a postconviction proceeding. However, nothing precludes a defendant from fashioning an ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063-64 (1984), based upon counsel's failure to apply for the credit. And unlike a direct assertion of the statutory right, ineffective assistance of counsel is a textbook postconviction claim. What's more, a postconviction *Strickland* claim in this context is virtually guaranteed to succeed. "The statutory right to a *per diem* credit found in section 110–14 *** is in the nature of a mandatory right subject to assertion by a defendant." *Woodard*, 175 Ill. 2d at 453. In other words, for eligible defendants, the monetary credit is available for the asking, there is no conceivable strategic basis for *not* requesting it, and the resulting prejudice is a matter of simple arithmetic. Defendants will obtain their relief, and the integrity of the Post-Conviction Hearing Act is preserved.

For these reasons, I respectfully dissent from the majority's decision.

JUSTICES FREEMAN and BURKE join in this dissent.