NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200154-U

NO. 4-20-0154

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 9, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| NICOLE A. JACKSON, | ) | No. 13CF862 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err by dismissing defendant's *pro se* postconviction
petition at the first stage of the proceedings.

¶ 2    Defendant, Nicole A. Jackson, appeals the February 24, 2015, order of the

Champaign County circuit court, summarily dismissing her *pro se* postconviction petition as

frivolous and patently without merit.  Defendant contends the circuit court's dismissal was

erroneous because the petition stated the gist of a constitutional claim for ineffective assistance

of counsel based on trial counsel's failure to mention her history of being sexually abused.  She

further argues the $40 in filing fees and court costs imposed by the circuit court when it

dismissed her petition should be vacated since the dismissal was erroneous.  We affirm.

¶ 3                              I. BACKGROUND

¶ 4    In May 2013, the State charged defendant with attempt (first degree murder) (720

ILCS 5/8-4(a), 9-1(a)(1) (West 2012)), armed robbery (720 ILCS 5/18-2(a)(1) (West 2012)), and aggravated battery (720 ILCS 5/12-3.05(a)(1) (West 2012)). The State dismissed the aggravated battery charge before trial. The charges against defendant related to a May 25, 2013, incident during which she stabbed Andrew Procell in the neck with a knife and took a laptop computer and cash. On May 30, 2013, the police arrested defendant, and she was interviewed by Detective Mark Strzesak at 4 p.m. that day. During Detective Strzesak's interview, defendant admitted stabbing Procell.

¶ 5            In August 2013, defendant's trial counsel filed a motion to suppress the statements defendant made to the police during the May 30, 2013, interview, arguing defendant's statements were coerced and involuntary due to her mental illness and lack of understanding of her situation. After a September 2013 hearing, the circuit court denied the motion to suppress. In May 2014, the court found defendant was unfit to stand trial. The court concluded defendant had been restored to fitness in July 2014.

¶ 6            After a September 2014 trial, the jury found defendant guilty of both attempt (first degree murder) and armed robbery. Defendant filed a posttrial motion, challenging, *inter alia*, the circuit court's failure to suppress defendant's statements to police because defendant was found unfit to stand trial in May 2014 and she did not understand when she could exercise her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). At a joint October 2014 hearing, the court first denied defendant's posttrial motion and sentenced defendant to consecutive prison terms of 15 years for attempt (first degree murder) and 10 years for armed robbery. Defendant filed a motion to reconsider her sentence and a supplement to her motion to reconsider, which the court denied.

¶ 7            Defendant appealed and only argued she was denied effective assistance of

counsel because trial counsel failed to have her examined about her ability to understand and waive her *Miranda* rights due to her mental illness. In a December 2017 order, this court concluded the trial counsel's failure to have defendant examined for her ability to waive her *Miranda* rights did not undermine our confidence in the circuit court's denial of defendant's motion to suppress (and, ultimately, defendant's trial) where the record did not indicate defendant was impaired by her mental illness at the time of her May 30, 2014, interview with Detective Strzesak. *People v. Jackson*, 2017 IL App (4th) 141102-UB, ¶ 23. As such, defendant failed to establish the prejudice prong of the *Strickland* test (see *Strickland v. Washington*, 466 U.S. 668 (1984)), and we affirmed defendant's convictions and sentences. *Jackson*, 2017 IL App (4th) 141102-UB, ¶¶ 23, 25.

¶ 8        In February 2015, defendant filed *pro se* the petition for relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) at issue in this appeal. In her postconviction petition, defendant argued ineffective assistance of counsel. She asserted trial counsel (1) did not know how to do a motion properly, (2) did not present evidence of her mental illnesses and history of sexual abuse, (3) did not subpoena her past doctors for the hearing on her motion to suppress, (4) did not present the testimony of a witness who could confirm the victim was abusive to defendant, and (5) failed to request a continuance at sentencing to obtain witnesses to rebut statements made by the police. Defendant did not attach any supporting evidence to her petition or state a reason for its absence.

¶ 9        On February 24, 2015, the circuit court entered a written order dismissing defendant's postconviction petition because it failed to state the gist of a constitutional claim. The court found plaintiff failed to attach any affidavits or evidence in support of her postconviction petition and did not offer any reason for her omission. It also noted defendant

had failed to allege any specific facts, and her claims amounted "to conclusory, often indecipherable, allegations." In addition to dismissing defendant's postconviction petition, the court ordered defendant to pay $40 in filing fees and court costs.

¶ 10 On March 23, 2015, defendant filed *pro se* a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Dec. 11, 2014). See Ill. S. Ct. R. 651(d) (eff. Feb. 6, 2013) (providing the supreme court rules governing criminal appeals apply to appeals in postconviction proceedings). However, the notice of appeal was not filed in this court until March 10, 2020. Despite the delay, this court has jurisdiction under Illinois Supreme Court Rule 651(a) (eff. Feb. 6, 2013).

¶ 11                                    II. ANALYSIS

¶ 12 The Postconviction Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). A proceeding under the Postconviction Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The defendant must show he or she suffered a substantial deprivation of his or her federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 13 The Postconviction Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. Here, defendant's petition was dismissed at the first stage. At the first stage, the circuit court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). To survive dismissal at this initial stage, the postconviction

- 4 -

petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only "a limited amount of detail." *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Our supreme court has held "a *pro se* petition seeking postconviction relief under the [Postconviction] Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Hodges*, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212. "In considering a petition pursuant to [section 122-2.1 of the Postconviction Act], the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2014); see also *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394.

¶ 14　　　　Here, defendant asserts she raised the gist of a constitutional claim of ineffective assistance of trial counsel based on trial counsel's failure to mention her history of sexual abuse. This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland*. *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice

to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. The *Strickland* Court noted a case should be decided on the ground of lack of sufficient prejudice rather than counsel's constitutionally deficient representation if it is easier to do so. *Strickland*, 466 U.S. at 697.

¶ 15　　　　In her petition, defendant only asserted trial counsel never mentioned her past rapes or molestation. Even with a liberal construction of her petition, defendant did not argue trial counsel should have introduced evidence regarding defendant's trauma history and the effects that history has on a survivor's behavior, which she asserts on appeal. Defendant also did not assert in her postconviction petition the jury's assessment of her credibility would have been different if such evidence had been presented. Defendant's allegation in her postconviction petition completely lacked any detail and thus was insufficient to show both arguable deficient performance and prejudice because, even at the first stage of the proceedings, broad conclusory allegations of ineffective assistance of counsel are insufficient under the Postconviction Act. See *People v. Delton*, 227 Ill. 2d 247, 258, 882 N.E.2d 516, 522 (2008). Accordingly, defendant failed to state the gist of a constitutional claim of ineffective assistance counsel.

¶ 16　　　　Accordingly, we find the circuit court properly dismissed defendant's

postconviction petition at the first stage of the proceedings.  Since we have found defendant's

petition was properly dismissed, we do not address defendant's argument regarding the

imposition of the $40 fee.

¶ 17                                      III. CONCLUSION

¶ 18            For the reasons stated, we affirm the Champaign County circuit court's judgment.

¶ 19            Affirmed.