NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220937-U

NO. 4-22-0937

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 14, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| DEANDRE L. ROGERS, | ) | No. 19CF130 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice DeArmond and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court erred by dismissing defendant's *pro se* postconviction
petition at the first stage of the proceedings.

¶ 2    Defendant, Deandre L. Rogers, appeals the Logan County circuit court's order

summarily dismissing his *pro se* postconviction petition as frivolous and patently without merit.

Defendant contends the court's denial was erroneous because the petition stated the gist of a

constitutional claim for ineffective assistance of counsel based on trial counsel's failure to file a

motion to withdraw defendant's guilty plea after being instructed to do so.  We reverse and

remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4    In July 2019, a grand jury indicted defendant on two counts of drug-induced

homicide (720 ILCS 5/9-3.3(a) (West 2018)) for the death of John Beck.  The parties entered

into a plea agreement, under which defendant would plead guilty to one count of drug-induced homicide and the State's sentencing recommendation would be capped at 23 years' imprisonment. The State would request dismissal of the other charge in this case and all of the charges in the following Logan County cases: (1) No. 18-CF-163, (2) No. 17-TR-3383, (3) No. 17-TR-3306, (4) No. 18-TR-850, (5) No. 18-TR-1707, (6) No. 19-TR-1488, and (7) No. 19-TR-1902.

¶ 5 On July 16, 2021, the circuit court held defendant's guilty plea hearing. Following the court's admonitions, defendant pleaded guilty. Once it was determined defendant was extended-term eligible, the court again admonished defendant of the minimum and maximum sentence, and defendant confirmed his guilty plea. The State gave the following factual basis for the plea:

> "Witnesses would testify that on May 18, 2019, this defendant, who would be identified in open court, conducted a drug transaction with John Beck. That this defendant gave John Beck heroin in exchange for $100; that thereinafter John Beck used a portion of that heroin. The next morning on May 19, 2019, John Beck was discovered deceased. That law enforcement responded to the scene, [*sic*] began investigation. And John Beck's body was taken to the coroner's office for an autopsy. And thereinafter an autopsy was conducted and it was discovered that John Beck died as a result of ingesting that heroin."

After hearing the factual basis, the court found defendant made a knowing and voluntary plea and the factual basis supported the plea. The court entered a judgment of conviction. After a September 15, 2021, hearing, the court sentenced defendant to 21 years' imprisonment for drug-induced homicide.

¶ 6    Defendant filed neither a postplea motion nor a direct appeal from his conviction and sentence. On May 18, 2022, defendant filed *pro se* a petition for relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq*. (West 2020)). Defendant asserted he was denied his constitutional rights to due process and effective assistance of trial counsel because counsel (1) used "scare tactics" to force him to plead guilty by stating no judge or jury would acquit him if he went to trial, (2) incorrectly told him he would receive a six-year prison term if he pleaded guilty, (3) failed to provide assistance in considering the State's plea offer, and (4) failed to file a motion to withdraw defendant's guilty plea. Defendant also asserted he was innocent of the charge. Defendant attached his own affidavit and a document listing the cause of Beck's death.

¶ 7    On August 11, 2022, the circuit court entered a written order summarily dismissing defendant's postconviction petition. As to defendant's claim related to counsel's failure to file a motion to withdraw his guilty plea, the court found no arguable basis to support an assertion of prejudice. Defendant filed a motion for reconsideration, which the court denied on September 26, 2022.

¶ 8    On October 14, 2022, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the supreme court rules governing criminal appeals apply to appeals in postconviction proceedings). Thus, this court has jurisdiction under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 9    II. ANALYSIS

¶ 10    The Postconviction Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the

- 3 -

federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). A proceeding under the Postconviction Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The defendant must show he or she suffered a substantial deprivation of his or her federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 11        The Postconviction Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. Here, defendant's petition was dismissed at the first stage. At the first stage, the circuit court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only "a limited amount of detail." *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Our supreme court has held "a *pro se* petition seeking postconviction relief under the [Postconviction] Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Hodges*, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212. "In considering a petition pursuant to [section 122-2.1 of the Postconviction Act], the court may examine the court file of the proceeding in which the

petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2020); see also *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394.

¶ 12        Here, defendant asserts he stated the gist of a constitutional claim of ineffective assistance of trial counsel based on counsel's failure to file a motion to withdraw defendant's guilty plea. This court analyzes ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64.

¶ 13        The circuit court recognized defendant had an arguable legal and factual basis for the deficiency prong of the *Strickland* test. Thus, we examine whether an arguable legal and factual basis existed for the prejudice prong of defendant's ineffective assistance of counsel

claim. Defendant contends this case is similar to *People v. Edwards*, 197 Ill. 2d 239, 257, 757 N.E.2d 442, 452 (2001), where our supreme court held the circuit court erred in dismissing the defendant's postconviction petition at the first stage of the proceedings. There, the defendant asserted, after the entry of his guilty plea, his attorney was unavailable and refused his request to file an appeal. *Edwards*, 197 Ill. 2d at 240-41, 757 N.E.2d at 443. Citing *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000), the supreme court held, at the first stage of postconviction proceedings, prejudice under *Strickland* is presumed from trial counsel's failure to file a requested motion to withdraw the defendant's guilty plea. *Edwards*, 197 Ill. 2d at 252-53, 757 N.E.2d at 450. The court explained, "a *pro se* defendant, even if he pled guilty, cannot be *required* to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal." (Emphasis in original.) *Edwards*, 197 Ill. 2d at 253, 757 N.E.2d at 450. It also noted the following:

> "Whether, in the circumstances of this case, defense counsel's decision not to file a motion to withdraw the guilty plea constitutes ineffective assistance of counsel requires the appointment of an attorney who will be able to consult with defendant regarding his claim and explore in more detail the factual and legal ramifications of defendant's claim." *Edwards*, 197 Ill. 2d at 257, 757 N.E.2d at 452-53.

"At this juncture, it would be inappropriate to conclude that [the] defendant's claim of ineffective assistance of counsel is so completely lacking in substance that it is frivolous or patently without merit." *Edwards*, 197 Ill. 2d at 257, 757 N.E.2d at 453. However, to merit an evidentiary hearing on the claim, a substantial showing will necessarily entail some explanation of the grounds which could have been presented in the motion to withdraw the plea. *Edwards*,

197 Ill. 2d at 258, 757 N.E.2d at 453.

¶ 14      The State asserts *Edwards* is distinguishable because the record positively rebuts a claim of prejudice and a required presumption of prejudice in such a case undermines the purpose of first-stage review. Specifically, it asserts the record rebuts any possibility defendant entered the plea as a misapprehension of fact, law, or any authority. The State insists defendant lacked a legitimate basis for the withdrawal of his guilty plea. However, as the supreme court in *Edwards* recognized, defendant's claim necessitates the appointment of counsel who can consult with defendant regarding it. *Edwards*, 197 Ill. 2d at 257, 757 N.E.2d at 452-53. The State not finding a claim of error on the face of the record does not rule out all possible claims related to the plea proceedings. As in *Edwards*, nothing in the record establishes defendant's trial counsel ever reviewed the plea proceedings for error, and thus, at this juncture, defendant has not yet had counsel to explore any potential claims related to the plea. Based on *Edwards*, we find defendant's petition did state an arguable legal and factual basis for ineffective assistance of counsel due to counsel's failure to file a motion to withdraw his guilty plea and the circuit court erred when it summarily dismissed defendant's petition. Our holding is in no way intended to express an opinion as to whether defendant will ultimately prevail on his claim of ineffective assistance of counsel.

¶ 15                      III. CONCLUSION

¶ 16      For the reasons stated, we reverse the Logan County circuit court's summary dismissal of defendant's postconviction petition and remand the cause for second-stage postconviction proceedings.

¶ 17      Reversed and remanded with directions.