NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (4th) 200585-U

NO. 4-20-0585

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 26, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ELOY MURAIDA JR., | ) | No. 16CF275 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:   This appellate court affirmed, concluding the trial court properly dismissed the defendant's *pro se* postconviction petition at the first stage of proceedings where he failed to state an arguable factual basis to support his claim he was denied his due process right to a fair and unbiased jury.

¶ 2     Defendant, Eloy Muraida Jr., appeals from the Livingston County circuit court's judgment summarily dismissing his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2020)). Defendant argues the trial court erred in dismissing his petition because he presented an arguable claim he was denied his due process right to a fair and unbiased jury. The State argues the trial court properly dismissed defendant's *pro se* petition because he failed to state an arguable claim of juror bias. We agree with the State and affirm the trial court's judgment.

I. BACKGROUND

¶ 4        In December 2016, the State charged defendant by information with one count of criminal sexual assault, a Class 1 felony (720 ILCS 5/11-1.20(b)(1) (West 2014)), and two counts of aggravated criminal sexual abuse, Class 2 felonies (*id.* § 11-1.60(c)(1)(i)).

¶ 5        In May 2018, the case proceeded to a jury trial. Among the jurors was Edward Motes. During *voir dire*, the court read aloud the names of the witnesses, including defendant's son, Jordan Muraida. The court then asked the jurors whether they knew any of the witnesses, and Motes did not indicate that he did. During defendant's case-in-chief, Jordan testified regarding defendant's behavior towards the alleged victim.

¶ 6        The jury found defendant guilty on all three counts, and the trial court sentenced him to three consecutive terms of 40 years in prison. On direct appeal, this court affirmed defendant's conviction and sentence. *People v. Muraida*, 2021 IL App (4th), 180650-U, ¶ 1.

¶ 7        In August 2020, prior to this court's decision on direct appeal, defendant *pro se* filed a petition for postconviction relief, alleging as follows:

> "It has come to my attention that one of the jurors in my trial knows one of my witnesses. Juror Edward Motes, when asked in court, denied knowing my witness Jordan Muraida. I have asked Jordan Muraida to write an affidavit of how he and Motes know each other. I have included that said affidavit in this filing."

Attached to defendant's petition was an affidavit from Jordan Muraida, who averred as follows:

> "I am one of the witnesses to the case of [defendant]. I am writing this because I know one of the jurors that was in the original trial. He knows me as well we[']re coworkers. We have worked on the same press at LSC Communications. His name is Ed Motes and I feel he should [not] have been [allowed] to be in the jury

because the jury is suppose[d] to say if they know a witness and he did not even though he knows me. We have worked at LSC Communications together since I started Nov. 13[,] 2014."

¶ 8    On October 19, 2020, the trial court summarily dismissed defendant's petition in a written order, finding defendant failed to (1) specify a denial of any constitutional right or (2) allege any facts that could give rise to a violation of a constitutional right. The court found defendant "simply state[d] that one of his witnesses knew one of the jurors" but failed to specify "[t]he nature of that relationship" and "how it affected the proceedings."

¶ 9    This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11    On appeal, defendant argues the trial court erred when it summarily dismissed his *pro se* postconviction petition because his petition contained sufficient facts to support an arguable claim he was denied his due process right to a fair and unbiased jury. The State disagrees, arguing the trial court properly dismissed defendant's petition because he failed to state an arguable factual basis to support his claim he was denied due process. We affirm the trial court's judgment.

¶ 12                          A. Applicable Law

¶ 13    The Act provides a three-stage process for adjudicating a postconviction petition. *People v. English*, 2013 IL 112890, ¶ 23. In this case, defendant's petition was dismissed at the first stage. At this stage, the trial court must review the postconviction petition and determine whether it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). Our supreme court has held "a *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if

the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Id.* at 16. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Id.* at 16-17. This court accepts all well-pleaded factual allegations as true unless positively rebutted by the record. *People v. Barghouti*, 2013 IL App (1st) 112373, ¶ 16.

¶ 14       To survive dismissal at the first stage of proceedings, the postconviction petition must present the "gist" of a constitutional claim. *Hodges*, 234 Ill. 2d at 9. This is a "low" threshold, and a petitioner need only present a limited amount of detail to support his claims. *People v. Delton*, 227 Ill. 2d 247, 254 (2008). "However[,] a 'limited amount of detail' does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional deprivation." *Id.* If any claim in the postconviction petition contains statements that, if true, would establish the gist of a constitutional claim, the trial court must docket the petition for further proceedings. *People v. Rivera*, 198 Ill. 2d 364, 371 (2001). We review the summary dismissal of a postconviction petition *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20.

¶ 15       Here, defendant asserts he alleged sufficient facts to support an arguable claim he was denied due process when a potentially biased juror was allowed to serve in his jury trial. In *People v. Borizov*, 2019 IL App (2d) 170004, ¶ 29, the Second District explained the right to a fair and unbiased jury as follows:

> "The right to a jury trial guarantees to a criminal defendant a fair trial by a
> panel of impartial jurors. [Citation.] A person is not competent to sit as a juror if

his or her state of mind or mental attitude is such that, with him or her as a member of the jury, the defendant will not receive a fair and impartial trial. [Citation.] The burden of showing that a juror possesses a disqualifying state of mind is on the party making the challenge, and the determination of whether the juror has the state of mind that will enable him or her to give to an accused a fair and impartial trial rests in the sound discretion of the trial judge. This determination is not to be set aside unless it is against the manifest weight of the evidence. [Citation.]"

¶ 16    Where a defendant claims juror bias following a juror's failure to disclose their relationship with a witness during *voir dire*, "[t]he general rule *** is that a motion for a new trial will not be granted unless it is established that prejudice resulted." *People v. Porter*, 111 Ill. 2d 386, 403 (1986); see also *People v. Olinger*, 176 Ill. 2d 326, 353 (1997) ("A new trial is required if the movant establishes that (1) a juror answered falsely on *voir dire* and (2) prejudice resulted therefrom.").

¶ 17                                    B. This Case

¶ 18    Here, we conclude defendant has failed to present any facts that, if true, would state an arguable claim he was denied due process based on juror bias.

¶ 19    First, even affording defendant's allegations the most liberal construction, defendant has failed to allege any facts that would arguably show Motes answered falsely when he stated during *voir dire* he did not recognize any of the witnesses. Taking as true Jordan Muraida's statement Motes did, in fact, know him from their time working together, this does not necessarily contradict Motes's statement during *voir dire* he did not recognize any of the witnesses' names when they were read aloud. And as the State correctly notes, the relevant

inquiry is juror Motes's perception—not Jordan Muraida's. See *Borizov*, 2019 IL App (2d) 170004, ¶ 29 ("A person is not competent to sit as a juror if *his or her state of mind* or mental attitude is such that, with him or her as a member of the jury, the defendant will not receive a fair and impartial trial." (Emphasis added.)).

¶ 20 Neither has defendant provided any detail whatsoever as to how juror Motes's professional relationship with Jordan Muraida resulted in Motes being unable to remain fair and impartial, and thus that the outcome of the trial would have been different had Motes been disqualified from serving on the jury—*i.e.*, that he was prejudiced. "A mere suspicion of bias or partiality is insufficient to disqualify a juror." *People v. Harris*, 2020 IL App (5th) 160454, ¶ 59. Even if defendant had made an arguable claim Motes, in fact, testified falsely during *voir dire*, the mere fact a juror is acquainted with a witness who testified at trial, without more, is insufficient to state an arguable claim of juror bias. See *Porter*, 111 Ill. 2d at 404 (concluding the fact a juror and the victim's mother attended the same church was insufficient to show the defendant was prejudiced); *People v. Strawbridge*, 404 Ill. App. 3d 460, 467 (2010) (holding that the brief and minimal interactions between a juror and the victim at church was insufficient to show the defendant was prejudiced).

¶ 21 Because defendant has failed to allege any facts that would support an arguable claim he was denied due process based on juror bias, we conclude the trial court properly dismissed his *pro se* petition at the first stage of proceedings.

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021), we affirm the trial court's judgment.

¶ 24 Affirmed.