NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230441-U

NO. 4-23-0441

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 1, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| TROY PATCH, | ) | No. 16CF327 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Zenoff and Doherty concurred in the judgment.

**ORDER**

¶ 1  *Held*: The appellate court reversed, finding the trial court erred in summarily dismissing defendant's *pro se* postconviction petition at the first stage of the proceedings when the petition stated the gist of a constitutional claim.

¶ 2  Following a stipulated bench trial in September 2018, the trial court found defendant, Troy Patch, guilty of unlawful possession of methamphetamine (720 ILCS 646/60(a), (b)(4) (West 2016)) and aggravated driving under the influence (DUI) (625 ILCS 5/11-501(a)(4) (West 2016)). In December 2018, the court sentenced him to 20 years in prison. The appellate court affirmed defendant's sentence. *People v. Patch*, 2022 IL App (3d) 190061-U, ¶ 66. In March 2023, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2022)). In April 2023, the court summarily dismissed defendant's petition.

¶ 3  On appeal, defendant argues the trial court erred in summarily dismissing his

postconviction petition. For the reasons that follow, we reverse the trial court's judgment and remand for second-stage postconviction proceedings.

¶ 4                                    I. BACKGROUND

¶ 5         In July 2016, the State charged defendant by information with one count of unlawful participation in methamphetamine production (720 ILCS 646/15(a)(1)(2)(C) (West 2016)) (count I), one count of unlawful possession of methamphetamine (720 ILCS 646/60(a), (b)(4) (West 2016)) (count II), two counts of aggravated DUI (625 ILCS 5/11-501(a)(4), (a)(6), (d)(1)(F) (West 2016)) (count III and count IV), and one count of reckless homicide (720 ILCS 5/9-3(a) (West 2016)) (count V). The charges stemmed from allegations that on May 4, 2016, defendant rear-ended Drienne Kruzan's vehicle, resulting in her death.

¶ 6         In September 2018, defendant waived his right to a jury trial and proceeded to a stipulated bench trial. In exchange for defendant's agreement to proceed by way of a stipulated bench trial, the State elected to proceed only on counts II and III. The parties stipulated that on May 4, 2016, defendant was operating a motor vehicle on Illinois Route 41 which rear-ended Kruzan's stopped vehicle. Kruzan died as a result of the accident. During a search of defendant's vehicle, officers found more than 100 but less than 400 grams of methamphetamine. Defendant was taken to a hospital, where he provided blood and urine samples. The results of the blood tests revealed defendant "had methamphetamine in his system in the amount of 220 μg per liter" and defendant's urine test revealed the presence of methamphetamine, tetrahydrocannabinol (THC), amphetamines and pseudoephedrine. According to the stipulation, the foregoing substances in defendant's system "impaired his ability to drive at the time and rendered him incapable of safely operating a motor vehicle on the date in question." Defense counsel indicated "we would stipulate that that would be the bulk of the evidence offered by the State in this matter." Defense counsel

further clarified the THC found in defendant's urine was the "inactive component of THC, and that's carboxy-hydrocannabinol." Both parties waived closing arguments, and the trial court then found defendant guilty on counts II and III.

¶ 7         The trial court conducted a sentencing hearing in December 2018. The presentence investigation report indicated defendant had previous convictions for, *inter alia*, residential burglary, forgery, theft, and deceptive practices. Kruzan's husband and daughters made victim impact statements, and defendant's mother, Karen Lutz, testified on his behalf. After Lutz's testimony, defense counsel sought to admit defendant's exhibit No. 10, which included "a variety of documents that I wish to tender to the Court ***. It is complete with the lab report involving [defendant] as well as periodicals, self-authenticating documents, expert treatises, information, et cetera." Defense counsel indicated exhibit No. 10 bolstered its argument with regard to the mitigating factor for "grounds tending to excuse the defendant's conduct but not amounting to a defense." Defense counsel further posited that defendant "was actually not impaired at the time of the accident, although the Illinois law says because of substances found in his system he is guilty." The State objected to the admission of defendant's exhibit No. 10. The court overruled the State's objection, noting the Illinois Rules of Evidence "are greatly relaxed" during sentencing, which "allows the sentencing Court to consider that type of information or that type of evidence that may have some reasonable reliability."

¶ 8         The State requested a sentence of 25 years' incarceration on count II and 30 years' incarceration on count III, to be served concurrently, followed by 3 years of mandatory supervised release. Defense counsel requested a sentence of six years' incarceration on count II and six years' incarceration on count III, to be served concurrently. During his lengthy closing argument, defense counsel argued defendant's toxicology results indicated defendant's methamphetamine usage was

"less than half of the required amount that [the Substance Abuse Mental Health Services Administration] said even indicates illegal meth use." Turning to defendant's urine test, defense counsel noted "those same authorities agree that drugs in the urine have zero effect on a person psychoactively, thus no impairment of any sort." Further, defense counsel asserted some of the substances found in defendant's toxicology report were consistent with generic Valium usage, for which defendant allegedly had a valid prescription. Finally, defense counsel argued defendant showed no obvious signs of impairment at the scene of the accident. The trial court interrupted defense counsel, inquiring, "With those set of facts in mind *** then, respectfully, why in the world would the defendant consent to a stipulated bench trial which is tantamount to a guilty plea to that charge?" Defense counsel responded, "because the way our Illinois DUI statue is written, it says an illegal substance and any bodily fluid which includes urine."

¶ 9        Defendant made a statement in allocution. Defendant described the day of the accident as "the worst day of my life." He further stated, "I understand that I'm guilty of DUI but I would like Mr. Kruzan to know that I was not high while I was behind the wheel."

¶ 10        The trial court sentenced defendant to 20 years' imprisonment on count II and 20 years' imprisonment on count III, to be served concurrently, followed by 3 years of mandatory supervised release. Defendant filed a timely motion to reconsider, which the court denied. Defendant appealed, arguing the court erred in denying his motions to suppress and that his sentence was excessive. The appellate court affirmed defendant's conviction and sentence. *Patch*, 2022 IL (3d) 190061-U, ¶ 66.

¶ 11        In March 2023, defendant filed a *pro se* petition for postconviction relief pursuant to the Act. Defendant alleged, *inter alia*, trial counsel was ineffective for proceeding by way of a stipulated bench trial, and appellate counsel was ineffective for failing to raise the issue on appeal.

¶ 12　　　　　　The trial court entered a written order on April 14, 2023, dismissing defendant's petition as frivolous or patently without merit. The court found defendant's ineffective assistance of counsel claim did not "make an arguable claim that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced."

¶ 13　　　　　　This appeal followed.

¶ 14　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　　　　　　On appeal, defendant contends the trial court erred when it dismissed his postconviction petition because he stated the gist of a constitutional claim of ineffective assistance of counsel. The State argues the court properly dismissed the petition because defendant's claim of ineffective assistance was frivolous and patently without merit.

¶ 16　　　　　　The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354 (2010). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21. The defendant must show he or she suffered a substantial deprivation of his or her federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83 (2008).

¶ 17　　　　　　The Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. Here, defendant's petition was dismissed at the first stage. At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022). To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only "a

limited amount of detail." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 18 A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *People v. Hodges*, 234 Ill. 2d 1,16-17 (2009). "In considering a petition pursuant to [section 122-2.1 of the Act], the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2022); see *People v. Brown*, 236 Ill. 2d 175, 184 (2010).

¶ 19 A *pro se* postconviction petition may be summarily dismissed as frivolous or patently without merit at the first stage only if it has no arguable basis in law or fact. *Hodges*, 234 Ill. 2d at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16. "Because most postconviction petitions are drafted by *pro se* petitioners, the threshold for a petition to survive the first stage of review is low." *People v. Knapp*, 2020 IL 124992, ¶ 44. "Where defendants are acting *pro se*, courts should review their petitions 'with a lenient eye, allowing borderline cases to proceed.' " *Hodges*, 234 Ill. 2d at 21 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)). "A petitioner need only allege sufficient facts to state the 'gist' of a constitutional claim for the petition to be advanced to the second stage." *People v. Johnson*, 2021 IL 125738, ¶ 26. "In evaluating the allegations in the petition, the circuit court must take them as true and construe them liberally." *People v. Allen*, 2015 IL 113135, ¶ 25. Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20.

¶ 20 Claims alleging ineffective assistance of trial counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hodges*, 234 Ill. 2d at 17. Under the

*Strickland* standard, "a defendant must show both that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." *Hodges*, 234 Ill. 2d at 17 (quoting *Strickland*, 466 U.S. at 687-88). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 21        "Appellate counsel is not required to raise every conceivable issue on appeal, and it is not incompetence for counsel to refrain from raising issues that counsel believes are without merit." *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 109 (citing *People v. Edwards*, 195 Ill. 2d 142, 163-64 (2001)). If the underlying issue lacks merit, then a defendant suffers no prejudice from appellate counsel's failure to raise it. *Stephens*, 2012 IL App (1st) 110296, ¶ 109. However, prejudice is established if a defendant demonstrates it is arguable that, had appellate counsel raised a particular issue on direct appeal, there was a reasonable probability that defendant's sentence or conviction would have been reversed. See *People v. Mack*, 167 Ill. 2d 525, 533-34 (1995).

¶ 22        Here, defendant entered into a fully stipulated bench trial. In exchange for the stipulation, the State agreed to proceed on counts II and III and dismiss the remaining counts. Notably, count III required defendant to stipulate that the substances found in his system (according to the toxicology report) "impaired his ability to drive at the time and rendered him incapable of safely operating a motor vehicle on the date in question." In his postconviction petition, defendant alleged trial counsel was ineffective for failing to "withdraw the stipulated bench trial, giving to the prosecution every tactical advantage over defendant."

¶ 23        Further, defendant noted the factual stipulation was later questioned by the trial

court during the sentencing hearing when trial counsel sought to introduce evidence tending to show defendant was not impaired at the time of the accident, and that his counsel on direct appeal was ineffective for failing to raise the issue of trial counsel's ineffectiveness as it related to the stipulated bench trial. Taken as true and liberally construed, the allegations contained in defendant's petition (1) set forth an arguable basis either in law or in fact that defendant's right to the effective assistance of counsel was sufficiently jeopardized and (2) are sufficient to state a gist of a constitutional deprivation and, thus, survive first-stage dismissal. As such, we reverse the trial court's judgment and remand for second-stage postconviction proceedings.

¶ 24        We express no view on the ultimate merits of defendant's ineffective assistance claims or on any of his other arguments made in his *pro se* postconviction petition.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons stated, we reverse the trial court's judgment and remand for second-stage postconviction proceedings.

¶ 27        Reversed and remanded.